JOHN W. SIMPSON, *Adm'r, versus* HIRAM PEASE.

The defendant agreed in writing to convey to the plaintiff's intestate certain real estate upon payment of certain specified notes given as the consideration therefor. In an action upon the agreement; — *Held*, that the payment of the notes as they became due was a condition precedent; and that the death of the plaintiff's intestate did not operate as an extension of the time of payment one year from the date of the death.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding. The facts appear in the opinion.

*Whitcomb*, for the defendant.

*A. C. Phillips*, for the plaintiff.

The defendant having disabled himself from fulfiling his contract is liable to an action, although the time specified for

its fulfilment had not arrived.    Chitty on Con., 631–2; 2 Parsons on Con., 666.

Whatever interest the deceased had under the contract at the time of his death was suspended until an administrator was appointed, and then that interest was vested in the administrator.   1 Parsons on Con., 130, 132; *Jewett* v. *Smith,* 12 Mass., 310;   *Lawrence* v. *Wright,* 23 Pick., 128.

APPLETON, C. J.—This is an action on an agreement dated April 3, 1863, signed by the defendant, in and by which he contracted to convey to Freeman Simpson the land therein described, upon payment of certain specified notes, the first of which was payable in March, 1864.   Simpson died on Oct. 30, 1863.   The first note was not paid at its maturity, and the defendant is not shown in any way to have waived its non-payment.   On April 26, 1864, the defendant, not having been paid, and no tender of the amount due having been made, by his deed conveyed the land described in his contract to one Robert K. Hervey.

Subsequent to all this, and on Oct. 4, 1864, the plaintiff took out letters of administration upon the estate of Simpson, and, on April 3, 1865, commenced this suit.

The presiding Justice, *pro forma,* to ascertain the damages, if any, instructed the jury "that, by reason of the death of the plaintiff, intestate, the time for the fulfilment of the contract was extended one year from the date of the death, and, if the defendant conveyed the premises to another within such year, it dispensed with the necessity of a tender."

The instructions given were erroneous.   Simpson was entitled to a conveyance upon the performance of a condition precedent, — the payment of the notes given for the land as they should severally become due.   The defendant has waived none of his rights.   The amount due was never tendered.

"Where the performance of a condition becomes impossible by the act of God, if it is precedent, *no estate* will vest; but, if it be subsequent, the estate becomes absolute." 2

Cruise, Title 13, c. 2, § 21. Nothing but the consent or act of the party entitled to require its performance, will excuse the neglect of a condition precedent. In *Taylor* v. *Bullen*, 6 Cow., 625, it was held, on a promise to warrant the collection of a note from the maker and pay all costs of all suits legally commenced for its collection; the attempt to collect being a condition precedent; that it was no excuse for not making the attempt, that the maker died intestate before the note fell due, and that no one had taken out letters of administration upon his estate.

Indeed, equity will not relieve from the consequences of a condition precedent unperformed. As was remarked by McCoun, V. C., in *Wells* v. *Smith*, 2 Edw. Ch. Rep., 85, " there are no words of grant in the contract itself. It rests merely in covenant on the part of the defendant, and no estate was to arise to him except upon the performance of the condition. This is, therefore, the case of a condition precedent, where no estate vests in law until the condition is performed; Co. Lit., 206, a; *Harvey* v. *Aston*, 1 Atk., 361; S. C. West's R., 33, and Com. Rep., 726."

The defendant was not liable except upon the payment by Simpson of his notes according to their tenor or a waiver of such payment. No Court can justly say that a precedent condition, lawful in itself and one which the party has a right to impose, shall without cause be dispensed with. The defendant is bound only to the extent of his contract.

*Exceptions sustained.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.